940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald S. SMITH, Plaintiff-Appellant,
v.
Cleo BAKER, Jr., Jailor, Mercer County Kentucky, I.C. James,
Judge Executive, Mercer County Kentucky, Doug Greenburg,
County Attorney, Mercer County Kentucky, Billy Barnett,
Commonwealth Attorney, Mercer County Kentucky, Defendants-Appellees.
 No. 91-5013.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1991.
 
 1
 Before BOGGS, Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Donald S. Smith, a pro se Kentucky prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking eight million dollars in compensatory and punitive damages, Smith sued the jailor, judge executive, and county attorney of Mercer County, Kentucky, and the commonwealth attorney for that district. He alleged that his eighth amendment right to adequate medical care was violated, resulting in the partial loss of use of his right arm. A homeowner shot Smith in the right forearm at close range with a shotgun, shattering both bones, while Smith was burglarizing his home. Smith was treated at a hospital, a cast was put on his arm, and medication for pain and infection was prescribed. He was then incarcerated in the Boyle County Jail as a Mercer County pretrial detainee. In his original complaint, Smith alleged that his cast was not changed when it should have been, that his medication was stopped, and that he did not receive recommended physical therapy and a skin graft. During his deposition and in his response to the motions for summary judgment, Smith narrowed his claim to the defendants' alleged failure to provide him with physical therapy and a skin graft.
 
 
 4
 The district court initially dismissed Smith's complaint as time-barred, but the dismissal was vacated by a panel of the Sixth Circuit. Upon remand, both the county and state defendants submitted motions for summary judgment. Along with his supplemental response, Smith submitted additional medical records.
 
 
 5
 The district court filed its memorandum opinion and order on December 13, 1990, granting the defendants' motions for summary judgment. Initially, the court noted that Smith had stated at his deposition that his latest examining physician indicated no skin graft was necessary. Thus, Smith's complaint was further narrowed to the sole issue of physical therapy. Despite the fact that Smith was, at the time of the alleged violation, a pretrial detainee rather than a convicted prisoner, the district court examined Smith's complaint in light of the eighth amendment prohibition against cruel and unusual punishment and concluded that Smith did not make the requisite showing of deliberate indifference to his medical needs.
 
 
 6
 On appeal, Smith continues to argue the merits of his physical therapy claim and asserts that the district court improperly granted summary judgment "based on a one-sided view of the record." He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 7
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Accordingly, the requests for counsel and a transcript at government expense are denied. The district court's memorandum opinion and order, filed December 13, 1990, is hereby affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation